IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LUANNE YANNI,

    Plaintiff,

v.                                                              Civ. No. 15-935 SCY

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REVERSE OR REMAND

**THIS MATTER** is before the Court on Plaintiff Luanne Yanni's Amended Motion to Remand to Agency for a Rehearing with Supporting Memorandum. Doc. 20. Defendant filed its response on September 29, 2016. Doc. 24. Plaintiff filed her reply on October 20, 2016. Doc. 25. Because the Court concludes that Defendant failed to apply the correct legal standard in evaluating the opinion of Plaintiff's treating physician, Dr. Thomas Whalen, the Court will GRANT the Motion and this case will be remanded for further proceedings.

## I.   BACKGROUND

Plaintiff is a fifty-one year old woman with a prior work history as an EMT and x-ray technician. Administrative Record (AR) 52, 76, 81. Plaintiff filed an application for supplemental security income alleging a disability onset date of December 14, 2011, due to head, neck, shoulder and back injuries. AR 76.

### A. Medical History

Because the parties are familiar with the record in this case, the following will recount Plaintiff's medical history in so far as it is relevant to the issues presented in this case. Plaintiff's medical records reveal that she had an extensive treatment relationship with Dr. Thomas Whalen

1

dating back to 2004. AR 293-357, 379-383. Plaintiff initially presented to Dr. Whalen with complaints of depression, lower back pain, and right shoulder pain. AR 293-357, 379-383. Plaintiff's complaints were due, in part, to a work-related injury. AR 327. Plaintiff continued to report chronic lower back pain throughout her subsequent visits with Dr. Whalen. AR 482, 485, 610-33, 636-43, 652-54. Dr. Whalen diagnosed Plaintiff with chronic lower back pain with a history of degenerative disc disease. AR 482. Plaintiff was prescribed oxycodone for pain management. AR 700.

The ALJ acknowledged the above evidence in her decision. However, after the ALJ denied Plaintiff's claim, Plaintiff submitted a medical source statement from Dr. Whalen to the Social Security Appeals Council. Dr. Whalen opined that Plaintiff had moderate limitations in her ability to maintain attention and concentration for extended periods, work in coordination with/or proximity to others without being distracted by them, and make simple work-related decisions. AR 971. Dr. Whalen further opined that Plaintiff had marked restrictions in her ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerance, sustain an ordinary routine without special supervision, or complete a normal workday and workweek without interruptions from pain or fatigue based symptoms, and to perform at a consistent pace without unreasonable number and length of rest periods. AR 971. The Appeals Council considered the evidence but ultimately denied review.

**B. Procedural History**

Plaintiff filed an application for supplemental social security income in December 2011. AR 26. Plaintiff alleged a disability start date of September 30, 2005. AR 26. Plaintiff's claim was initially denied on May 13, 2013 and upon reconsideration on March 7, 2013. AR 26. Plaintiff subsequently requested a hearing which was held on September 25, 2013 before

Administrative Law Judge (ALJ) Myriam Fernandez-Rice. AR 26. On February 5, 2014, the ALJ issued her decision denying Plaintiff's claim. As noted above, following the ALJ's decision, Plaintiff submitted additional medical evidence to the Appeals Council, including a medical source statement from Dr. Whalen. AR 6. The Appeals Council subsequently denied Plaintiff's request for review.  AR 1-3. This appeal followed.

## II.     APPLICABLE LAW

### A.  Disability Determination Process

A claimant is considered disabled for purposes of Social Security disability insurance benefits if that individual is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Commissioner has adopted a five-step sequential analysis to determine whether a person satisfies these statutory criteria. *See* 20 C.F.R. § 404.1520. The steps of the analysis are as follows:

(1) Claimant must establish that she is not currently engaged in "substantial gainful activity." If claimant is so engaged, she is not disabled and the analysis stops.

(2) Claimant must establish that she has "a severe medically determinable physical or mental impairment . . . or combination of impairments" that has lasted for at least one year. If claimant is not so impaired, she is not disabled and the analysis stops.

(3) If claimant can establish that her impairment(s) are equivalent to a listed impairment that has already been determined to preclude substantial gainful activity, claimant is presumed disabled and the analysis stops.

(4) If, however, claimant's impairment(s) are not equivalent to a listed impairment, claimant must establish that the impairment(s) prevent her from doing her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. § 404.1545(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* § 404.1545(a)(3). Second, the ALJ determines the

    physical and mental demands of claimant's past work. Third, the ALJ determines whether, given claimant's RFC, claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled and the analysis stops.

(5) At this point, the burden shifts to the Commissioner to show that claimant is able to "make an adjustment to other work." If the Commissioner is unable to make that showing, claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 1520(a)(4); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).

### B.  Standard of Review

    A court must affirm the denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Casias v. Sec'y of Health & Human Serv.*, 933 F.2d 799, 800-01 (10th Cir. 1991).  In making these determinations, the reviewing court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008). For example, a court's disagreement with a decision is immaterial to the substantial evidence analysis. A decision is supported by substantial evidence as long as it is supported by "relevant evidence . . . a reasonable mind might accept as adequate to support [the] conclusion." *Casias*, 933 F.3d at 800. While this requires more than a mere scintilla of evidence, *Casias*, 933 F.3d at 800, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

    Similarly, even if a court agrees with a decision to deny benefits, if the ALJ's reasons for the decision are improper or are not articulated with sufficient particularity to allow for judicial review, the court cannot affirm the decision as legally correct. *Clifton v. Chater*, 79 F.3d 1007,

1009 (10th Cir. 1996). As a baseline, the ALJ must support his or her findings with specific weighing of the evidence and "the record must demonstrate that the ALJ considered all of the evidence." *Id.* at 1009-10. This does not mean that an ALJ must discuss every piece of evidence in the record. But, it does require that the ALJ identify the evidence supporting the decision and discuss any probative and contradictory evidence that the ALJ is rejecting. *Id.* at 1010.

### III.   ANALYSIS

Plaintiff raises a number of issues for review.  First, Plaintiff argues that the Appeals Council failed to properly account for qualifying new evidence by failing to conduct a treating physician analysis in regard to the opinions of Dr. Whalen. Doc. 20 at 2. As a subset of this argument, Plaintiff contends that the ALJ failed to apply the correct legal standard in addressing the opinion of Dr. Whalen. Doc. 20 at 15. Second, Plaintiff contends that the ALJ failed to appropriately address the third-party statements of Plaintiff's brother and mother. Doc. 20 at 2. Finally, Plaintiff argues that the ALJ impermissibly picked and chose from the medical opinions only those portions that favored a finding of nondisability.  Doc. 20 at 2. Because the Court agrees with Plaintiff's first contention, it will remand on that basis without consideration of Plaintiff's other arguments.

The thrust of Plaintiff's argument is that the Appeals Council was required to engage in a "treating physician analysis" of Dr. Whalen's opinions that were submitted to it after the ALJ's decision. *See e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (discussing treating physician analysis). At issue in Plaintiff's argument is the apparent contradiction between the Tenth Circuit's holding that the Appeals Council is not required to articulate its reasons for declining review of an ALJ's decision, *see Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006), and the Tenth Circuit's remand in *Harper v. Astrue*, 428 Fed. App'x 823,

827 (10th Cir. 2011) (unpublished), because neither the ALJ nor the Appeals Council conducted a treating physician analysis or otherwise discussed the significant restrictions placed on the plaintiff's ability to work.

While this issue was recently considered unsettled in the Tenth Circuit, the Court's recent decision in *Vallejo v. Berryhill* appears to put the matter to rest. *Vallejo v. Berryhill*, No. 15-1283, slip op. (10th Cir. Feb. 28, 2017). In *Vallejo*, the plaintiff was unable to timely submit a report from her treating physician before the ALJ issued its decision denying the plaintiff's claim. The plaintiff therefore submitted the opinion from her treating physician to the Appeals Council. *Id.* at 2. The treating physician opined that the plaintiff would be unable to work due to her functional limitations. *Id.* at 2-3. Although the Appeals Council ultimately denied the plaintiff's request for review, it did consider the newly submitted evidence. *Id.* at 3. The Appeals Council summarily stated that the new evidence did not provide a basis for changing the ALJ's decision. *Id.* The plaintiff then sought judicial review. The district court concluded that the Appeals Council erred in not conducting a treating physician analysis in regard to newly submitted evidence and remanded on that basis. *Id.* On appeal, however, the Tenth Circuit reversed. The Tenth Circuit held that if the Appeals Council denies review, it is not required to engage in a treating physician analysis. *Id.* at 8. In so holding, the Tenth Circuit explicitly repudiated the *Harper* decision. *Id.* at n. 3. Given the Tenth Circuit's decision in *Vallejo*, the Court concludes that the Appeals Council was not required to conduct a treating physician analysis in regard to Dr. Whalen's opinion.

However, as noted by the Tenth Circuit, and by other courts, the fact that the Appeals Council was not required to conduct a treating physician analysis does not always end the inquiry. *See id.* at 10 (remanding to the district court to determine whether the defendant's

decision was supported by substantial evidence and whether the defendant applied the correct legal standards); *Ruhe*, Civ. No. 15-0374, Doc. 27 at 9. In instances where the Appeals Council considers the additional evidence, the additional evidence becomes "part of the administrative record to be considered [by this court] when evaluating [the ALJ's] decision for substantial evidence." *Martinez*, 444 F.3d at 1208. *See also O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) (holding that new evidence submitted to the Appeals Council "becomes part of the administrative record to be considered when evaluating the Secretary's decision for substantial evidence"); *Beardsley*, 2013 WL 3992253 at *4 ("[B]ecause the Appeals Council made the new evidence part of the record, that evidence becomes part of the record we assess in evaluating the Commissioner's denial of benefits under the substantial evidence standard."). In this case, the Appeals Council specifically noted that it considered Dr. Whalen's report assessing Plaintiff's ability to do work-related activities. AR 2; 970. Thus, as Plaintiff argues, the Court must take into account Dr. Whalen's medical source statement, in reviewing whether the ALJ's decision is supported by substantial evidence. *Id.*

Upon review of the ALJ's decision in light of Dr. Whalen's opinion, the Court concludes that Dr. Whalen's opinion supports greater restrictions on Plaintiff's ability to work than those found in the RFC. Specifically, the ALJ found that Plaintiff has moderate difficulties in social functioning and maintaining concentration, persistence, and pace. AR 34. The ALJ's RFC accordingly found that Plaintiff was able to "understand, remember, and execute simple instructions and tasks in a work environment that is primarily object focused." AR 31. Further, the ALJ's RFC concluded that Plaintiff "can maintain concentration, persistence, and pace for two hours at a time, which also includes the ability to work for an additional period of two hours at a time before and after regularly scheduled breaks in the morning, lunch, and in the

afternoon." AR 31.  These findings were largely based on the opinions of consultative psychologist Dr. Paula Hughson, which the ALJ afforded significant weight. AR 34-35.

Dr. Whalen's opinion, however, found much greater restrictions on Plaintiff's ability to work. Dr. Whalen found that Plaintiff has marked limitations in her abilities to perform activities within a schedule; maintain regular attendance and be punctual within customary tolerances; maintain physical effort for long periods without a need to decrease activity or pace, or to rest intermittently; sustain an ordinary routine without special supervision; or complete a normal workday and workweek without interruption from pain or fatigue based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods.  AR 971. As noted on the form, a marked restriction is a "severe limitation which **precludes** the individual's ability usefully to perform the designated activity on a regular and sustained basis, i.e., 8 hours a day, 5 days a week, or an equivalent schedule."  AR 971. Accordingly, with these marked restrictions, Dr. Whalen effectively opined that Plaintiff would likely be unable to sustain the demands of meaningful employment.

Generally, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotations marks and citation omitted). However, in this case, the Court is confronted with a conflict between the consultative psychologist's opinion and the opinion of Plaintiff's treating physician regarding the extent of Plaintiff's ability to perform work.  Given that a treating physician's opinion must generally be accorded controlling weight, this is not simply a conflict between evidence on equal footing. *See Doyle v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003) (stating that a treating physician's opinion is given special weight because of the physician's "unique perspective to the medical evidence that cannot be

obtained from the objective medical findings alone or from reports of individual examinations, *such as consultative examinations* or brief hospitalizations." (emphasis added)); Social Security Ruling 96-8p, 1996 WL 374184, *7 (July 2, 1996) ("Medical opinions from treating sources about the nature and severity of an individual's impairment(s) are entitled to special significance and may be entitled to controlling weight."). Further compounding the issue is the fact that while the ALJ accorded significant weight to the consultative psychologist's findings, the ALJ, who did not have Dr. Whalen's opinion before her, was unable to indicate what weight, if any, she should afford to Dr. Whalen's opinion. Generally, the ALJ's failure to explain the weight given to a treating physician's opinion requires remand. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).

Although this case presents a different situation than that in *Watkins* because the treating physician's opinion at issue was not submitted until after the ALJ's decision, the concern expressed in *Watkins* remains the same: the Court cannot meaningfully review the ALJ's decision absent analysis of the weight assigned to the treating physician's opinions. *See id.* Indeed this case presents a similar situation as that in *Ruhe* wherein the post-decision treating physician opinions were more restrictive than the RFC adopted by the ALJ. *See Ruhe*, No. 15-374, Doc. 27 at 9. The court then further concluded that a reasonable factfinder could find the treating physicians' opinions compelling and therefore conclude that the plaintiff could not perform the jobs identified by the ALJ. *Id.* at 9-10. Accordingly, the court remanded the case because of the lack of findings regarding the weight to be assigned the treating physicians' opinions rendered the ALJ's decision beyond meaningful review. *Id.*

As in *Ruhe*, the Court concludes that the present case necessitates remand. While there may be legitimate reasons to accord Dr. Whalen's opinion less weight than the opinions relied upon by the ALJ in reaching her decision (as noted by Defendant), without the required treating physician analysis, the Court is unable to meaningfully review the ALJ's decision.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Amended Motion to Remand to Agency for Rehearing with Supporting Memorandum is GRANTED. The case is remanded for further proceedings consistent with this Opinion.

_____
UNITED STATES MAGISTRATE JUDGE
Sitting by Consent